**David BAYLESS et al., Appellants,**

v.

**Floyd MARTINE et al., Appellees.**

No. 28865.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1969.

See also 5 Cir., 430 F.2d 873.

Mark Z. Levbarg, Brooks Holman, Austin, Tex., for appellants.

Crawford C. Martin, Atty. Gen. of Texas, James C. McCoy, W. O. Shultz, Pat Bailey, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, Asst. Atty. Gen., Austin, Tex., for appellees.

Clark, Thomas, Harris, Denius & Winters, Edward Clark, Austin, Tex.,

for appellee, Board of Regents, State Senior Colleges.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

### ORDER

PER CURIAM:

On December 5, 1969, the appellants moved for an expedited hearing on appeal and for appropriate relief pending disposition of the appeal. On the same day the appellees were notified of the motion and given an opportunity to respond.

Upon review of the record, including the transcript of the hearing upon the preliminary injunction, and considering the injury that the appellants will suffer if they are suspended from Southwest Texas State University, it is ordered that the denial of preliminary injunction by the Court for the Western District of Texas, Austin Division, be stayed and that the appellees herein be enjoined from suspending the appellants from Southwest Texas State University pending the disposition of this appeal and subject to further orders of this Court.

COLEMAN, Circuit Judge.

I respectfully dissent from the entry of the foregoing order.

With deference to the views of my Colleagues, I am of the opinion that no substantial First Amendment question is presented by this case. Southwest Texas State University made no effort to interfere with the free expression of opinion; rather, it attempted to control its own campus to the extent of designating the time and the area in which the demonstration was to occur. The students flouted this effort and held the demonstration when they pleased and where they pleased. I believe that the University authorities had the right to specify time and place for this demonstration so as to avoid undue interference with the rights of 9,500 other students.

Furthermore, I dissent for reasons of sound public and judicial policy. I am opposed to the courts taking over, by emergency orders, the administration of college campuses in this Country, especially where, as here, the petitioners have had an evidentiary hearing before the District Court and have there been denied any relief.